GEORGE P. BAKER *et al.*, Plaintiffs-Appellants, *v.* THE BUDD COMPANY, Defendant-Appellee.

First District (5th Division)    No. 79-2012

Opinion filed December 19, 1980.

Richard M. Kates, of Chicago, for appellants.

Victor L. Lewis, Allan E. Lapidus, and Richard A. Kaminsky, all of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Penn Central Transportation Company, by its trustees, brought this action to collect demurrage charges allegedly owed by defendant under certain tariff provisions. The trial court granted defendant's motion for summary judgment, and plaintiff appeals.

In view of our disposition of this appeal, only a brief summary of the facts is required. Plaintiff had supplied defendant's plant with empty railroad freight cars and removed them after they were loaded for approximately 30 years. When empty cars were delivered to the plant, they were placed on defendant's tracks where they remained until defendant's employees brought them to the loading area. Until 1973, demurrage charges, which are amounts exacted by a carrier for a shipper's detention of cars beyond the time allowed by the applicable tariff, had always been assessed from the time defendant switched the empty cars to the loading area. In 1973, plaintiff decided that it had improperly interpreted the applicable demurrage tariff and began assessing charges from the time it placed empty cars on defendant's tracks rather than when defendant moved the car to the loading area. Defendant refused to pay additional demurrage charges allegedly owed plaintiff when recomputation was made according to the new tariff interpretation, and plaintiff brought the instant suit.

## OPINION

The applicable tariff provisions are Freight Tariff No. 4-I, I.C.C. No. H-36, effective June 1, 1968, and Freight Tariff No. 4-J, I.C.C. No. H-59, effective April 1, 1973 (which replaced Tariff No. 4-I). The pertinent portions of the tariff provisions provide:

"* * * Cars of either railroad or private ownership held for or by consignors or consignees for loading, unloading, forwarding directions or for any other purpose (including cars held for loading company material), and empty cars placed on orders which are not used in transportation service, are subject to these demurrage rules.

* * *

* * * Cars for loading will be considered placed when such cars are actually placed, or held on orders of the consignor or party in whose name the cars are ordered.

* * *

* * * on cars to be delivered on other-than-public-delivery tracks, time will be computed from the first 7:00 A.M. after actual or constructive placement on such tracks.

* * *

NOTE:—'Actual Placement' is made when a car is placed in an accessible position for loading or unloading or at a point previously designated by the consignor or consignee. If such placing is prevented from any cause attributable to consignor or consignee and car is placed on the private or other-than-public-delivery tracks serving the consignor or consignee, it shall be considered constructively placed without notice.

\* \* \*

\* \* \* on cars to be delivered on interchange tracks of industrial plants performing the switching services for themselves or other parties, time will be computed from the first 7:00 A.M. after actual or constructive placement on such interchange tracks until return to the same or another interchange track. Time computed from actual placement on cars placed at exactly 7:00 A.M. will begin at the same 7:00 A.M.; actual placement to be determined by the precise time the engine cuts loose."

A case recently decided by this court addressing the propriety of summary judgment for the instant defendant in a suit for demurrage charges under nearly identical facts and the same tariff provisions is *Indiana Harbor Belt R.R. Co. v. The Budd Co.* (1980), 87 Ill. App. 3d 91, 408 N.E.2d 944. An analysis of that opinion convinces us that it is dispositive of the instant appeal. The facts set forth in that opinion are for the most part consistent with those revealed by the instant record. The tariff provisions and interpretation thereof urged by the plaintiff and defendant in each case are the same except that the question of the applicability of the contructive placement provisions, which was not raised in *Indiana Harbor*, is raised by the instant plaintiff in its brief. Defendant's motion for summary judgment contained an affidavit and several of the same depositions as were included in its motion for summary judgment in the *Indiana Harbor* case. In addition, much of the case law upon which defendant relies is the same in both cases. In *Indiana Harbor* we found that those cases were not supportive of defendant's position in view of the distinguishable factual situation presented by that case. [1] Our review of the instant record reveals the facts here to be practically identical to those involved in *Indiana Harbor*. After reconsideration of the *Indiana Harbor* case, we adhere to our holding in that opinion and here hold that the granting of summary judgment for defendant in the instant case was likewise improper.

Defendant argues that the tariff provisions are ambiguous and urges

---

[1] In *Indiana Harbor*, we stated that two of the cases relied upon by defendant did not support *plaintiff's* position. Although it is obvious from the context of that opinion that the word "plaintiff" was inadvertently substituted for "defendant," we take this opportunity to clarify that opinion and to rectify the mistake.

that plaintiff's statement in its brief that "actual placement is in fact also equivalent to constructive placement" is conclusive proof of the ambiguity. Defendant contends that because of the ambiguity, the tariff must be construed most favorably to itself and against the carrier. (See *National Starch & Chemical Corp. v. McNamara Motor Express, Inc.* (1963), 40 Ill. App. 2d 484, 490, 189 N.E.2d 776, 779.) Plaintiff's statement in its brief does not suggest ambiguity in the tariff itself or its application to the instant facts. Plaintiff has consistently maintained that the demurrage should have been computed from the time the cars were placed on defendant's interchange tracks, the place previously designated by defendant, which constitutes actual placement under the tariff provisions. In a footnote in its memorandum in support of its motion for summary judgment, defendant admits that "only actual placement is involved in this suit, no claim being made based on constructive placement." In its brief plaintiff anticipated the possibility that defendant might claim that plaintiff's duty was to deliver cars to the loading building before demurrage charges began. Plaintiff would then argue that the cars would be considered constructively placed under the tariff since deposition testimony suggested that the cars could not be delivered to the loading building until the plant was ready for them. In that event, the demurrage time would begin to run as if actual placement were involved, because the inability to place the car within the loading area would be attributable to defendant.

Defendant disputes the existence of evidence in the record to support the constructive placement theory. We find it unnecessary to decide whether the evidence would support a constructive placement theory since plaintiff discussed it only as an alternative. Whether a point designated by defendant existed for actual placement or whether placement was prevented by defendant for constructive placement suggests that in either event material questions of fact exist in the instant case and summary judgment was improper.

Finally, defendant urges that *Indiana Harbor* should not be applied in the instant case because this court either overlooked or misapprehended certain factors in reaching its decision in that case. A petition for rehearing in that case was denied on September 2, 1980. We have reconsidered the factors which defendant suggests were overlooked and find that they are not conclusive of the material questions of fact raised by the pleadings. Accordingly, the order of the circuit court granting defendant's motion for summary judgment is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.